NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEFFIE BARTLEY,<br><br>          Plaintiff,<br>   v.<br><br>LVNV FUNDING, LLC,<br><br><br>          Defendant. | Civ. Action No. 09-3884 (KSH)<br><br><br><br>**OPINION & ORDER** |

**Katharine S. Hayden, U.S.D.J.**

     This matter comes before the Court by way of a motion dismiss filed by defendant LVNV Funding, LLC ("LVNV"). [D.E. 4.] Plaintiff Steffie Bartley filed a complaint against LVNV in New Jersey state court seeking damages for alleged violations of the Fair Credit Reporting Act ("FCRA"). Defendant removed the action to this Court. [D.E. 1.] Plaintiff has not communicated with the Court on the record since the case was removed here. One year after the removal, defendant filed a motion to dismiss. This Court has considered defendant's submissions and the governing law without oral argument pursuant to Federal Rule of Civil Procedure ("FRCP") 78 and New Jersey Local Civil Procedure Rule ("L. Civ. R.") 78.1.

     After the case was removed to this Court, Magistrate Judge Shwartz filed an order directing plaintiff to file an amended complaint alleging facts that supported the FCRA claim. [D.E. 3.] The order also provided a briefing schedule for defendant to file a motion to dismiss if plaintiff did not file an amended complaint or if defendant believed the amended complaint did

not cure the alleged deficiencies.  Plaintiff has not responded to date.  Defendant thereafter filed the pending motion to dismiss pursuant to FRCP 12(b)(6).  [D.E. 4.]

**I. FACTS**

The complaint filed by plaintiff alleges that it arises from LVNV's notation of an account on her personal credit file with Experian, Equifax, and Trans Union.

> 2.  At no point in time did [LVNV] notify me that I was delinquent on any bills on said account prior to this notation being listed as (Paid Charged-off) on my personal credit file.
>
> 3.  If [LVNV] had contemporaneously notified me of the alleged debt, I would have attempted to investigate, verify and immediately remedy the situation.
>
> 4.  As a result, credit agencies began reporting that I was delinquent/Collection on the said account which information was false and inaccurate.
>
> 5.  I got the "run-around" from [LVNV] representative trying to resolve the issues.
>
> 6.  Additionally, due to [LVNV]'s actions, I have been restrained from obtaining adequate credit to make additional purchases and/or additional loans because of this notation listed as (Collection).
>
> 7.  To date, [LVNV] has not removed their notation as (Collection) for [sic] my credit record.
>
> 8.  As a result of [LVNV's] wrongful conduct, I have been harmed.
>
> 9.  The information reported was negative and damaging to plaintiff.  Plaintiff's damages include repeated credit denials, loss of business and personal reputation, loss of income, costs and time to repair credit, fees and other related expenses.
>
> 10.  I seek to have the derogatory account notations be removed.

(Compl. ¶¶ 2-10.)

## II. STANDARD OF REVIEW

FRCP 12(b)(6) permits courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering the motion, the district court judge is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The standard is "not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 312 (3d Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds).

The pleading standard has been heightened through decisions of the U. S. Supreme Court, beginning with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and further refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In the latter, the Supreme Court emphasized the distinction between factual contentions and legal conclusions, and cautioned against accepting as sufficient "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Interpreting *Iqbal*, in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009), the Third Circuit wrote that the task of the district court is to apply a two-prong test:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Id.* at 210-11 (citations omitted).

**III. DISCUSSION**

Although not expressly stated in the complaint, plaintiff seeks relief under the FCRA, 15 U.S.C. § 1681s-2, which provides for civil liability for willful noncompliance with the FCRA. Congress enacted the FCRA, a subchapter of the Consumer Credit Protection Act (15 U.S.C. § 1601 *et seq.*), in an effort to protect consumers from inaccurate information in consumer reports and to establish "credit reporting procedures that utilize correct, relevant and up-to-date information in a confidential and responsible manner." *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998); *see also Kane v. Guar. Residential Lending, Inc.*, 2005 U.S. Dist. LEXIS 17052, at *7 (E.D.N.Y. 2005).

Reading the record in the best possible light for plaintiff, the Court applies the two-prong *Fowler* pleading standard. For the first prong, the Court separates the factual and legal elements within the complaint. *Iqbal*, 129 S. Ct. at 1949, made it clear that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

The complaint alleges that LVNV improperly labeled plaintiff's personal credit account as "in default." Plaintiff alleges in ¶ 2 that LVNV did not notify her that she was delinquent on any bills "prior to this notation being listed" on her account. Paragraph 5 alleges that plaintiff "got the 'run-around'" from an LVNV representative. In ¶¶ 6 and 7, she claims that LVNV "has not removed their notation" and that, due to LVNV's actions, she has "been restrained from obtaining adequate credit to make additional purchases and/or additional loans[.]" Then plaintiff alleges in ¶ 9 that "[t]he information reported was negative and damaging"—the damages alleged include "repeated credit denials, loss of business and personal reputation, loss of income, costs and time to repair credit, fees and other related expenses."

The Court must decide if the pleading standards taught by *Twombly* and the cases decided

in its wake are met in the paragraphs that attempt to justify plaintiff's harm as alleged in ¶ 9. Devoid of time, place, and numerosity these paragraphs fit the description of "threadbare recitals of the elements of the cause of action." *Fowler,* 578 F.3d at 210. The facts are not separated from the legal conclusions so that the Court is in a position to accept them as true, standing apart from the legal conclusions which need not be accepted as true. The facts of the complaint can be described as scant at best—that LVNV issued a notation on plaintiff's personal credit account; that LVNV did not notify plaintiff prior to issuing this notation; that, as a result, credit agencies began reporting that plaintiff was delinquent; and that she "got the 'run-around'" when she tried to resolve the issue. These broad accusations are unsupported by facts that would answer the "Who? What? Where? When? How?" inquiry inherent in the *Fowler* analysis.

*Fowler's* second prong requires that the factual allegations state "a plausible claim for relief." *Id.* at 211. Plaintiff is seeking relief under the FCRA, 15 U.S.C. § 1681s-2, which provides for civil liability for willful noncompliance with the FCRA. As an initial matter, LVNV concedes, for purposes of this case, that it is considered a "furnisher" of credit information under the FCRA. Although the term is not defined in the FCRA, it is generally defined as "an entity which transmits information concerning a particular debt owed by a consumer to a [CRA]." *Carney v. Experian Info Solutions, Inc.* 57 F. Supp. 2d 496, 501 (W.D.Tenn. 1999). The duties imposed upon furnishers of credit information are set forth in 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b). Plaintiff can only state a claim under § 1681s-2(b), because no private right of action exists for violations of § 1681s-2(a).[1]

---

[1] Congress expressly reserved enforcement of § 1681s-2(a) to governmental agencies. 10 A.L.R. Fed. 2d 605.

5

Section 1681s-2(b), which may be the basis of a private cause of action[2], sets forth the "[d]uties of furnishers of information on notice of dispute," which include the duty to investigate disputed information and the duty to report the results of that investigation to the CRA. The notice of disputed information "must come from a [CRA], and not the consumer, in order to trigger the furnisher's duties. *Dimedio v. HSBC Bank*, 2009 U.S. Dist. LEXIS 52238, at *7 (D.N.J. 2009) (Simandle, J.) (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002)) ("[A]ny private right of action [the consumer] may have under § 1681s-2(b) would require proof that a consumer reporting agency . . . had notified [the data furnisher.]").

To succeed under a § 1681s-2(b) claim, plaintiff must establish the following: (1) LVNV received notice of dispute from a CRA; (2) it failed to perform a reasonable investigation upon receiving such notice; (3) it failure to investigate was willful or negligent; and (4) plaintiff was harmed. *See Dimedio*, 2009 U.S. Dist. LEXIS 52238, at *8; *Martinez v. Granite State Mgmt. and Res.*, 2008 U.S. Dist. LEXIS 94995 (D.N.J. 2008) (Linares, J.); *Abuel v. U.S. Bank Nat'l Assoc., ND*, 2006 U.S. Dist. LEXIS 87437, at *9-10 (D.N.J. 2006) (Martini, J). LVNV argues, and this Court agrees, that plaintiff has not alleged that she gave any notice of disputed information to a CRA, or that a CRA notified LVNV of this dispute. As a result, plaintiff's FCRA claims cannot survive a motion to dismiss.

The complaint also makes general allegations that could be construed as common law claims. Plaintiff claims that she has been "restrained from obtaining adequate credit to make

---

[2] It should be noted that the federal courts have reached different conclusions as to whether § 1681s-2(b) creates a private cause of action for a consumer against a furnisher of information. Although this Circuit has not yet ruled on the issue, the majority of courts that have addressed the issue held that the provision creates a private right of action. *See e.g.*, *Agosto v. InoVision, Inc.*, 2003 U.S. Dist. LEXIS 23889 (E.D. Pa. 2003); *Vasquez-Garcia v. Trans Union De Puerto Rico*, 222 F. Supp. 2d 150 (D.P.R. 2002); *Austin v. J.C. Penney Co.*, 162 F. Supp. 2d 495 (E.D. Va. 2001); *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918 (N.D. Ill. 2000).

additional purchases and/or additional loans because of this notation" and that "[a]s a result of [LVNV's] wrongful conduct, I have been harmed." (Compl. ¶¶7-8)  The Court dismisses the common law claims as well, "because the FCRA expressly preempts state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.'" *Dimedio*, 2009 U.S. Dist. LEXIS 52238, at *9 (quoting 15 U.S.C. § 1681t(b)(1)(F)); *see also Campbell v. Chase Manhattan Bank, USA, N.A.*, 2005 U.S. Dist. LEXIS 16402 (D.N.J. 2005) (Bissel, J.) ("By enacting Section 1681t(b)(1)(F), Congress 'wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish information to consumer reporting agencies.'") (quoting *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 361 (E.D. Pa. 2001)).

As a consequence of the forgoing, the complaint must be dismissed.

**IT IS** on this 28th day of June, 2010,

**ORDERED** that defendant's motion to dismiss [D.E. 4] is **granted**.


/s /Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.